**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| **BENJAMIN YANCEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MESSERLI & KRAMER, P.A.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, BENJAMIN YANCEY, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, MESSERLI & KRAMER, P.A., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. BENJAMIN YANCEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to JC Penney.

6.  The debt that Plaintiff allegedly owed JC Penney was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.  Upon information and belief LVNF Funding, LLC (hereinafter "LVNV") acquired, purchased and/or obtained the aforesaid debt.

8.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.  MESSERLI & KRAMER, P.A., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Wisconsin. Messerli is incorporated in the State of Minnesota.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. In or around November 2009, Plaintiff received a telephone call from Defendant's duly authorized representative who stated that it was calling to collect a debt allegedly owed by Plaintiff.

16. During the course of the aforesaid telephone call, Defendant told Plaintiff that the debt he owed was in relation to a credit card that Plaintiff had received from JC Penney.

17. In response to Defendant's statements, Plaintiff informed Defendant that he did not owe a debt in relation to a JC Penney credit card.

18. In or around January 2010, Defendant sent Plaintiff a correspondence in a further attempt to collect a debt allegedly owed by Plaintiff.

19. Subsequent to Plaintiff's receipt of the aforementioned letter, Plaintiff engaged in another telephone call with Defendant.

20. During the course of the aforesaid telephone call Plaintiff reiterated that he did not owe a debt to JC Penney.

21. In response, Defendant told Plaintiff that the JC Penney credit card that he had co-signed for was taken out by Plaintiff's mother-in-law in 2002,

22. Plaintiff informed Defendant that in 2002 he did not even know his mother-in-law as he had not met her until 2004.

23. Plaintiff further informed Defendant that he had never co-signed for a JC Penney credit card for his mother-in-law.

24. Despite Plaintiff having informed Defendant that he did not owe a debt in relation to the aforesaid credit card, Defendant continued to attempt to collect the debt from Plaintiff.

25. In or around February of 2010, Defendant sent an additional correspondence to Plaintiff in an attempt to collect the debt allegedly owed by Plaintiff.

26. In or around February of 2010 through in or around April 2010, and on multiple occasions therein, Plaintiff engaged in additional telephone conversations with Defendant.

27. During the course of the aforesaid telephone conversations with Plaintiff, Plaintiff again apprised Defendant that he did not owe the debt on which it was attempting to collect.

28. During the course of the aforesaid telephone conversations with Plaintiff, Plaintiff again apprised Defendant that he had never co-signed for a JC Penney credit card taken out by his mother-in-law.

29. During the course of the aforesaid telephone conversations with Plaintiff, Plaintiff again apprised Defendant that in 2002, when he allegedly co-signed for the credit card, Plaintiff did not even know his mother-in-law as he had not met her until 2004.

30. In or around April 2010, during the course of a telephone conversation between Plaintiff and Defendant, Defendant asked Plaintiff when he would make a payment towards the debt.

31. In response, Plaintiff again apprised Defendant that he would not pay the debt because it he did not owe it.

32. Defendant then told Plaintiff that if he did not pay the debt then Defendant would file a lawsuit against him in relation to the debt.

33. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

34. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

4

Case 2:10-cv-00676-LA   Filed 08/09/10   Page 4 of 7   Document 1

35. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

36. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

37. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because he did not owe the debt on which Defendant was attempting to collect.

38. Despite Plaintiff again having informed Defendant, on multiple occasions, that he did not owe a debt to in relation to the aforesaid credit card, Defendant continued to attempt to collect the debt from Plaintiff.

39. On or about May 12, 2010, Defendant sent an additional correspondence to Defendant in a further attempt to collect the debt allegedly owed by Plaintiff.

40. Defendant statements as delineated above were deceptive, false and/or misleading in that Defendant portrayed Plaintiff as having co-signed for the JC Penney credit card when Plaintiff was not a co-signer on the aforesaid card.

41. Defendant, in its attempts to collect a debt allegedly owed by Plaintiff, attempted to collect a debt from Plaintiff that he was not liable for.

42. Defendant attempted to collect a debt from Plaintiff that it had no means and/or authority by which it could legally obtain the aforesaid debt from Plaintiff.

43. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

f. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BENJAMIN YANCEY, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BENJAMIN YANCEY**

By:    s/ David M. Marco
      Attorney for Plaintiff

6

Case 2:10-cv-00676-LA   Filed 08/09/10   Page 6 of 7   Document 1

Dated: July 30, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us