UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

Benjamin Yancey,                          **ANSWER**

         Plaintiff,

Messerli & Kramer P.A.,               Case No. 10-CV-0676-WEC

         Defendant.

_____

TO:     PLAINTIFF BENJAMIN YANCEY, THROUGH HIS ATTORNEY DAVID M. MARCO, LARRY P. SMITH & ASSOCIATES, LTD., 205 N. MICHIGAN AVE., 40TH FL., CHICAGO, IL 60601.

DEFENDANT MESSERLI & KRAMER, P.A., FOR ITS ANSWER TO PLAINTIFF'S COMPLAINT, STATES AND ALLEGES AS FOLLOWS:

    1.     Defendant denies each and every matter, thing and allegation set forth in Plaintiff's Complaint except as hereinafter specifically admitted, qualified or alleged.

    2.     As to paragraph 1, Defendant admits that Plaintiff's action is based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant denies all alleged violations of the FDCPA.

    3.     As to paragraph 2, Defendant admits that jurisdiction arises under the said statutes.

    4.     As to paragraph 3, Defendant admits that venue is proper.

    5.     As to paragraph 4, Defendant admits upon information and belief.

    6.     As to paragraph 5, Defendant admits that Plaintiff was obligated to pay a debt to LVNV Funding, LLC, as successor in interest to GE Capital for a JC Penney consumer credit card. Defendant denies the remainder of the paragraph.

7. As to paragraph 6, Defendant admits that Plaintiff owed a debt to LVNV Funding, LLC, as successor in interest to GE Capital for a JC Penney consumer credit card. Plaintiff denies the remainder of the paragraph due to lack of information or belief.

8. As to paragraph 7, Defendant admits, upon information and belief, that LVNV Funding, LLC was assigned the Plaintiff's account.

9. As to paragraph 8, Defendant admits, upon information and belief,

10. As to paragraph 9, Defendant admits that it is a law firm organized as a professional association under the laws of the State of Minnesota.

11. As to paragraph 10, Defendant denies.

12. As to paragraph 11, Defendant states that it is retained by clients, such as LVNV Funding, LLC, to collect debt on their behalf through litigation if necessary. Defendant denies the remainder of the paragraph.

13. As to paragraph 12, Defendant admits.

14. As to paragraph 13, Defendant admits that it is defined as a debt collector by 15 U.S.C. § 1692a(6).

15. As to paragraph 14, Defendant denies

16. As to paragraph 15, Defendant denies.

17. As to paragraphs 16-20, Defendant denies.

18. As to paragraph 21, Defendant admits its employee told Plaintiff that according to Defendant's information, Plaintiff was a co-applicant on the account.

19. As to paragraphs 22-31, Defendant denies.

2

20.     As to paragraph 32, Defendant denies and affirmatively alleges that Defendant's employee told Plaintiff that Defendant was retained by its client, and was attempting to set up voluntary payment arrangements before an attorney "makes a decision on how to proceed."

21.     As to paragraph 33, Defendant admits.

22.     As to paragraph 34, Defendant denies that a threat was made.  Defendant affirmatively alleges that it was hired by its client, LVNV Funding, LLC, to collect the outstanding debt through litigation if necessary.  Defendant employs five attorneys licensed to practice in Wisconsin and regularly files small claims and large claims suits in Milwaukee County Circuit Court. Defendant denies the remainder of the paragraph.

23.     As to paragraphs 35-38, Defendant denies.

24.     As to paragraph 39, Defendant admits.

25.     As to paragraphs 40-44 Defendant denies.

26.     Paragraph 45 does not require a response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

27.     Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

28.     Plaintiff did not dispute the account to Defendant in writing, therefore the FDCPA does not require Defendant to cease collection and obtain verification of the account:

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. *Collection activities and communications that*

3

*do not otherwise violate this subchapter may continue* during the 30-day period referred to in subsection (a) *unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed* or that the consumer requests the name and address of the original creditor. …

15 U.S.C. § 1692g(b) (emphasis added).

### Third Affirmative Defense

29. To the extent applicable, Plaintiff's claims are barred by the bona fide error provision of the FDCPA, 15 U.S.C. § 1692k(c).

### Fourth Affirmative Defense

30. Plaintiff's claims are barred by waiver, estoppel, or unclean hands.

### Fifth Affirmative Defense

31. Plaintiff's claims are barred by comparative fault.

### Sixth Affirmative Defense

32. Plaintiff's claims are barred as a result of failure to mitigate damages.

### Seventh Affirmative Defense

33. Plaintiff has not incurred any actual damages causally connected to Defendant's actions or inactions herein.

34. Defendant reserves the right to assert any and all other defenses as set forth in the Federal Rules of Civil Procedure which discovery reveals to be applicable.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff:

- That Plaintiff take nothing against it by these pretended causes of action, that the same be dismissed and judgment be taken against Plaintiff in an amount equal to Defendant's attorneys' fees, costs and disbursements herein.

- That Defendant be awarded reasonable attorneys' fees and costs in defense of Plaintiff's causes of action, pursuant to 15 U.S.C. § 1692k(a)(3).

- For such other and further relief as the Court may deem just and equitable.

Dated: August 30, 2010.	**MESSERLI & KRAMER, P.A.**

By: s/Amanda E. Prutzman
Amanda E. Prutzman, #1060975
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7724
Facsimile: (763) 548-7922
**ATTORNEYS FOR DEFENDANT**